### EDMUNDSON, Auditor v STATE ex AMERICAN GUARANTY CO

Ohio Appeals, 4th Dist, Athens Co
Decided June 2, 1931

Jones, Jones, & Erskine, Athens, for The American Guaranty Co.

Woolley and Rowland, Athens, for Edmundson, Auditor.

MAUCK, PJ.

The sole question here is the sufficiency in law of the answer. There were two defenses. The first defense denied all the allegations of the petition except that Williams was the sheriff of Athens County on August 9, 1927. It is now admitted that this was a good defense and that the demurrer thereto was improvidently sustained. This requires a reversal of the judgment below but the situation warrants us in examining the further question relating to the sufficiency of the second defense of the answer.

This defense was divided into six paragraphs. The first, second and third paragraphs were to the effect that the bonds were (a) not endorsed by the Judge of the Court of Common Pleas, (b) that the bonds were not filed with the clerk of courts, (c) that the bonds were not entered on the journal of the Court of Common Pleas as required by §2830 GC. These averments constitute no defense. That section re-

quires the written evidence of a deputy sheriff's appointment to. go through the processes referred to but does not relate to the bonds of such officers. The fourth paragraph of the answer is an averment that there were no deputy sheriffs legally appointed under §2830 GC. It is not clear how this averment accomplishes anything not achieved .by the general denial in the first defense. If the purpose of this paragraph is to assert that the deputies' appointments were irregular because the provisions of §2830 GC were not complied with, the answer is that the surety on the bond could not have made that defense in an action on the bond, **Kelly v State, 25 Oh St 567,** that liability consequently attached on the bonds and that as the surety company became liable in law so the county became liable in law for the premium. The fourth paragraph of the defense was, therefore, not good. The fifth paragraph was that the bonds were not payable to the state. The answer is that the statute does not require them to be. §9 GC. The sixth paragraph is that the bonds were given for the protection of the sheriff and not the public. How far this is true in fact we need not determine. The statute authorizes the bond. §9 GC. Another statute requires the payment of the premium by the county. §9573-1 GC. The demurrer was properly sustained to the second defense.

For error in sustaining the demurrer to the first defense the judgment is reversed and the cause remanded for further proceedings.

MIDDLETON and BLOSSER, JJ, concur.